UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

ILDER O. PIMENTAL,
Petitioner,
v.
V.M. ALMAGER, Warden,
Respondent.

NO. CV 08-3992-GW (AGR)

ORDER TO SHOW CAUSE

On June 18, 2008, Petitioner filed a Petition for Writ of Habeas Corpus by a Person in State Custody pursuant to 28 U.S.C. § 2254. For the reasons discussed below, it appears that the one-year statute of limitations has expired.

The Court, therefore, orders Petitioner to show cause, on or before ***August 14, 2008***, why this Court should not recommend dismissal with prejudice based on expiration of the one-year statute of limitations.

**I.**

**PROCEDURAL BACKGROUND**

Petitioner was convicted on November 5, 2001, of two counts of robbery and kidnapping, and possession of a firearm and ammunition by a felon. (Petition

///

at 2.) He was also found to be armed with a handgun in both robbery/kidnapping counts. (*Id.*)

His sentence, partly based on one prior strike, was 48 years, 4 months in prison. (*Id.*) The California Court of Appeal affirmed the conviction on September 25, 2002. (*Id.* at 2-3.) The California Supreme Court denied review on December 11, 2002. (*Id.* at 3.)

According to the California Supreme Court's online docket, Petitioner filed a state habeas petition in that court on March 12, 2004, which was denied on January 19, 2005. (*Id.* at 4.) He filed a state habeas petition in the Los Angeles Superior Court on May 5, 2005, which was denied on the same day. (*Id.*) He filed a second state habeas petition in the Los Angeles Superior Court on March 2, 2007, which was denied on the same day. (*Id.* at 4-5; Ex. A.) He filed a state habeas petition in the Court of Appeal on September 6, 2007, which was denied on September 12, 2007. (*Id.*, Ex. A.) He filed a second state habeas petition in the California Supreme Court on December 6, 2007, which was denied on May 14, 2008. (*Id.*)

Petitioner raised the following four grounds in the instant petition: (1) insufficient evidence; (2-3) instructional error; and (4) Sixth Amendment violation in the imposition of the upper sentence term. (Petition at 5-6.)

## II.

## STATUTE OF LIMITATIONS

The petition was filed after enactment of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). Therefore, the Court applies the AEDPA in reviewing the petition. *Lindh v. Murphy*, 521 U.S. 320, 336, 117 S. Ct. 2059, 138 L. Ed. 2d 481 (1997).

The AEDPA contains a one-year statute of limitations for a petition for writ of habeas corpus filed in federal court by a person in custody pursuant to a judgment of a state court. 28 U.S.C. § 2244(d)(1). The one-year period starts

running on the latest of either the date when a conviction becomes final under 28 U.S.C. § 2244(d)(1)(A) or on a date set in § 2244(d)(1)(B)-(D).

**A. The Date on Which Conviction Became Final**

On direct review, the California Supreme Court denied review on December 11, 2002. (Petition at 3.) Therefore, Petitioner's conviction became final 90 days later on March 11, 2003. *Bowen v. Roe*, 188 F.3d 1157, 1158-59 (9th Cir. 1999). Pursuant to 28 U.S.C. § 2244(d)(1)(A), absent tolling, the statute of limitations expired on March 11, 2004.

Thus, the Petition is time-barred unless the statute of limitations was tolled. The statute of limitations is tolled during the time "a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." 28 U.S.C. § 2244(d)(2). Petitioner's first state habeas petition was not filed until March 12, 2004 (Cal. Sup. Ct. Docket), one day after the statute of limitations expired. A state habeas petition filed after the limitations period has expired does not toll or revive the expired limitations period. *Welch v. Carey*, 350 F.3d 1079, 1081-84 (9th Cir. 2003), *cert. denied*, 541 U.S. 1078 (2004).

Petitioner does not disclose the date on which he mailed his state habeas petition to the California Supreme Court. However, assuming Petitioner signed and mailed his petition to the California Supreme Court before March 12, 2004, he would be entitled to take advantage of the mailbox rule, which would mean that his state habeas petition was constructively filed before the expiration of the statute of limitations. In that scenario, he would be entitled to statutory tolling. At the same time, though, the period of time from the finality of his conviction to the date of the mailing of his state habeas petition, most likely in March of 2004, would not be tolled because no case was "pending" during that interval. *See Thorson v. Palmer,* 479 F.3d 643, 646 (9th Cir. 2007). Thus, almost all of the one year would have been used up.

Even assuming Petitioner is then entitled to statutory tolling from about March of 2004 until May 5, 2005, when the Superior Court denied his first state habeas petition (Petition at 4), the gap between the denial of that petition and Petitioner's next filing on March 2, 2007, is almost two years. A petitioner is normally entitled to "one full round" of collateral review in the state court free of federal interference. *Carey v. Saffold*, 536 U.S. 214, 222, 122 S. Ct. 2134, 153 L. Ed. 2d 260 (2002). The Ninth Circuit interpreted "one full round" in California to mean consecutive petitions in the Superior Court, Court of Appeal, and California Supreme Court. *See Welch*, 350 at 1083 (internal quotation marks omitted). Petitioner's first round was unconventional. He filed first in the highest court and then filed in the lowest court. Nonetheless, he did nothing further until 2007. Clearly, the state habeas petitions begun in March of 2007 were based on the United States Supreme Court's decision in *Cunningham*, which was filed on January 22, 2007. (Petition at 4-5); *Cunningham v. California*, 549 U.S. 270, 127 S. Ct. 856, 166 L. Ed. 2d 856 (2007). Thus, Petitioner's second round of state habeas petitions had nothing to do with his first, which were based on a claim of "illegal enhancement." (*Id.* at 4.)

*Evans v. Chavis*, 546 U.S. 189, 193, 126 S. Ct. 846, 163 L. Ed. 2d 684 (2006) held that "[a]s long as the prisoner filed a petition for appellate review within a 'reasonable time,' he could count as 'pending' (and add to the 1-year time limit) the days between (1) the time the lower state court reached an adverse decision, and (2) the day he filed a petition in the higher state court." (citation omitted). *Evans* held that a six-month delay was not reasonable. *Id.* at 201.

Here, the gap was almost two years. Based on *Evans*, such a gap is unreasonable. *See also Gaston v. Palmer*, 447 F.3d 1165, 1167 (9th Cir. 2006) (gaps of 15 months, 18 months and 10 months between rounds of state habeas petitions are unreasonable), *cert. denied*, 127 S. Ct. 979 (2007). Therefore,

///

Petitioner's petitions in 2007 were not "pending" and did not toll the limitations period.

Accordingly, absent equitable tolling, the statute of limitations expired shortly after May 5, 2005, and the petition here is time-barred. The petition does not provide a basis for equitable tolling.

**B. The *Cunningham* Decision**

Based on *Cunningham*, Petitioner may contend that Ground Four of the petition is not time-barred because of 28 U.S.C. § 2244(d)(1)(C), which states that the statute of limitations starts to run on "the date on which the constitutional right asserted was initially recognized by the Supreme Court [in *Cunningham*], if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review." *See Dodd v. United States*, 545 U.S. 353, 357, 359, 125 S. Ct. 2478, 162 L. Ed. 2d 343 (2005). In *Dodd*, the Supreme Court addressed a provision in 28 U.S.C. § 2255[1] that is materially identical to 28 U.S.C. § 2244(d)(1)(C):

> The limitation period shall run from the latest of -
>
> * * *
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review.

The court held that the statute starts running on the date the court recognizes the right, not on the date the court makes it retroactively applicable. *Id.* at 358.[2] However, a petitioner "may take advantage of the date in the first

---

[1] Under section 2255, a federal prisoner may challenge his or her sentence as unconstitutional.

[2] "*Dodd* is equally applicable to section 2244(d)(1)(C)." *Johnson v. Robert*, 431 F.3d 992, 992-93 (7th Cir. 2005) (per curiam).

clause of ¶ 6(3) only if the conditions in the second clause are met." *Dodd*, 545 U.S. at 359.

Applying *Dodd* to the instant petition, the Supreme Court decided *Cunningham* on January 22, 2007. For a petition based on *Cunningham* to be timely under 28 U.S.C. § 2244(d)(1)(C), (1) it would have to be filed no later than January 22, 2008; (2) the Supreme Court would have to recognize *Cunningham* as a new rule no later than January 22, 2008; and (3) the Supreme Court would have to declare *Cunningham* retroactive no later than January 22, 2008. *See Dodd*, 545 U.S. at 359 (applicant "will be time barred except in the rare case in which this Court announces a new rule of constitutional law and makes it retroactive within one year"); *Johnson*, 431 F.3d at 992 (statute runs from date that the right was initially recognized, "even if the Court does not declare that right to be retroactive until later"). The Supreme Court has not recognized *Cunningham* as a new rule.[3] Therefore, the petition is time-barred. *See Dodd*, 545 U.S. at 358 ("¶ 6(3)'s date – 'the date on which the right asserted was initially recognized by the Supreme Court' – does not apply at all if the conditions in the second clause – the right 'has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review' – have not been satisfied"); *see Johnson*, 431 F.3d at 992 (applying *Dodd* under § 2244(d)(1)(C)).

**III.**

**<u>ORDER TO SHOW CAUSE</u>**

IT IS THEREFORE ORDERED that, on or before ***August 14, 2008***, Petitioner shall show cause, if there be any, why this Court should not recommend dismissal with prejudice of the petition based on expiration of the

///

---

[3] The Ninth Circuit recently held that *Cunningham* did not announce a new rule. *Butler v. Curry*, Case No. 07-56204, 2008 U.S. App. LEXIS 12324, at *32-*33 (9th Cir. June 9, 2008).

one-year statute of limitations. Petitioner's response must explain why his petition is not barred by the statute of limitations.

***Petitioner is also advised that if he fails to timely respond to this Order to Show Cause, the Magistrate Judge will recommend that the Court dismiss the petition, with prejudice, based on expiration of the one-year statute of limitations.***

DATED: July 14, 2008

ALICIA G. ROSENBERG
United States Magistrate Judge