1
2
3
4
5
6
7
8

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

### WESTERN DIVISION

| | |
|---|---|
| ILDER O. PIMENTAL,<br><br>        Petitioner,<br><br>   v.<br><br>V.M. ALMAGER, Warden,<br><br>        Respondent. | No. CV 08-3992-GW (AGR)<br><br>ORDER ADOPTING MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION |

Pursuant to 28 U.S.C. § 636, the Court has reviewed the entire file de novo, including the Petition, the Magistrate Judge's Report and Recommendation, the Objections to the Report and Recommendation, and all records in the file.  Having made a de novo determination, the Court agrees with the recommendation of the Magistrate Judge.

IT IS ORDERED that Judgment be entered denying the Petition and dismissed this action with prejudice.

DATED: _February 12, 2009_        _____
                                 GEORGE H. WU
              UNITED STATES DISTRICT JUDGE

1
2
3
4
5
6
7
8                          UNITED STATES DISTRICT COURT
9                          CENTRAL DISTRICT OF CALIFORNIA
10
11      ILDER O. PIMENTAL            )        NO. CV 08-3992-GW (AGR)
12                 Petitioner,       )
13           v.                      )
14      V.M. ALMAGER, Warden,        )        REPORT AND
                                     )        RECOMMENDATION OF UNITED
15                 Respondent.       )        STATES MAGISTRATE JUDGE
16                                   )
17      ─────────────────────────────)
18          The Court submits this Report and Recommendation to the Honorable
19      George H. Wu, United States District Judge, pursuant to 28 U.S.C. § 636 and
20      General Order No. 05-07 of the United States District Court for the Central District
21      of California.  For the reasons set forth below, the Magistrate Judge recommends
22      that the Petition for Writ of Habeas Corpus be denied.
23      ///
24      ///
25      ///
26      ///
27      ///
28      ///

1

## I.

2

## SUMMARY OF PROCEEDINGS

3       On November 5, 2001, Petitioner was convicted of two counts of robbery
4   and kidnapping, and possession of a firearm and ammunition by a felon. (Petition
5   at 2.)  He was also found to be armed with a handgun in both robbery/kidnapping
6   counts. (*Id.*)  Petitioner's sentence was 48 years, 4 months in prison. (*Id.*)  The
7   California Court of Appeal affirmed the conviction on September 25, 2002. (*Id.* at
8   2-3.)  The California Supreme Court denied review on December 11, 2002. (*Id.*
9   at 3.)

10      According to the California Supreme Court's online docket, Petitioner filed
11  a state habeas petition in that court on March 12, 2004, which was denied on
12  January 19, 2005. (*Id.* at 4.)  He filed a state habeas petition in the Los Angeles
13  Superior Court on May 5, 2005, which was denied on the same day. (*Id.*)  He
14  filed a second state habeas petition in the Los Angeles Superior Court on March
15  2, 2007, which was denied on the same day. (*Id.* at 4-5; Ex. A.)  He filed a state
16  habeas petition in the Court of Appeal on September 6, 2007, which was denied
17  on September 12, 2007. (*Id.*, Ex. A.)  He filed a second state habeas petition in
18  the California Supreme Court on December 6, 2007, which was denied on May
19  14, 2008. (*Id.*)

20      On June 18, 2008, Petitioner filed a Petition for Writ of Habeas Corpus By
21  a Person in State Custody ("Petition") in this Court pursuant to 28 U.S.C. § 2254.
22  Petitioner raised four grounds:  (1) insufficient evidence; (2-3) instructional error;
23  and (4) Sixth Amendment violation in the imposition of an upper term sentence.
24  (Petition at 5-6.)

25      On July 14, 2008, the Court issued an Order to Show Cause Why this
26  Action Should Not Be Dismissed based on expiration of the one-year statute of
27  limitations. (Dkt No. 3.)  On September 15, 2008, Petitioner filed a Response to
28  the Order to Show Cause.

2

1    This matter is therefore ready for decision.

2                                    II.

3                     **STATUTE OF LIMITATIONS**

4         The Petition was filed after enactment of the Antiterrorism and Effective

5    Death Penalty Act of 1996 ("AEDPA").  Therefore, the Court applies the AEDPA

6    in reviewing the petition.  *Lindh v. Murphy*, 521 U.S. 320, 336, 117 S. Ct. 2059,

7    138 L. Ed. 2d 481 (1997).

8         The AEDPA contains a one-year statute of limitations for a petition for writ

9    of habeas corpus filed in federal court by a person in custody pursuant to a

10   judgment of a state court.  28 U.S.C. § 2244(d)(1).  The one-year period starts

11   running on the latest of either the date when a conviction becomes final under 28

12   U.S.C. § 2244(d)(1)(A) or a date set in § 2244(d)(1)(B)-(D).

13        A.   **The Date on Which Conviction Became Final**

14        On direct appeal, the California Supreme Court denied review on

15   December 11, 2002.  (Petition at 3.)  Therefore, Petitioner's conviction became

16   final 90 days later on March 11, 2003.  *Bowen v. Roe*, 188 F.3d 1157, 1158-59

17   (9th Cir. 1999).  Pursuant to 28 U.S.C. § 2244(d)(1)(A), absent tolling, the statute

18   of limitations expired one year later on March 11, 2004.

19        Thus, the Petition is time-barred unless the statute of limitations was tolled.

20   The statute of limitations is tolled during the time "a properly filed application for

21   State post-conviction or other collateral review with respect to the pertinent

22   judgment or claim is pending."  28 U.S.C. § 2244(d)(2).  Petitioner's first state

23   habeas petition in the California Supreme Court was not filed until March 12,

24   2004, one day after the statute of limitations expired.  A state habeas petition filed

25   after the limitations period has expired does not toll or revive the expired

26   limitations period.  *Welch v. Carey*, 350 F.3d 1079, 1081-84 (9th Cir. 2003), *cert.*

27   *denied*, 541 U.S. 1078 (2004).

28   ///

                                        3

1  However, Petitioner does not disclose the date on which he mailed his
2  state habeas petition to the California Supreme Court. Assuming Petitioner
3  signed and mailed his petition to the California Supreme Court before March 12,
4  2004, he would be entitled to take advantage of the mailbox rule, which would
5  mean that his state habeas petition was constructively filed before expiration of
6  the statute of limitations. In that scenario, the period of time from the finality of
7  his conviction to the date of the mailing of his state habeas petition, most likely in
8  March of 2004, would not be tolled because no case was "pending" during that
9  interval. *See Thorson v. Palmer,* 479 F.3d 643, 646 (9th Cir. 2007). Petitioner
10  would be entitled to statutory tolling beginning in March 2004.

11  Even assuming Petitioner is entitled to statutory tolling from about March of
12  2004 until May 5, 2005, when the Superior Court denied a state habeas petition
13  (Petition at 4),[1] there is a substantial  gap between the denial of that petition and
14  Petitioner's next round of state habeas petitions beginning on March 2, 2007.

15  Petitioner is not entitled to gap tolling between May 5, 2005, and his next
16  state habeas petition on March 2, 2007 – a gap of almost 1 year, 10 months.
17  *Evans v. Chavis,* 546 U.S. 189, 193, 126 S. Ct. 846, 163 L. Ed. 2d 684 (2006)
18  held that "[a]s long as the prisoner filed a petition for appellate review within a
19  'reasonable time,' he could count as 'pending' (and add to the 1-year time limit)
20  the days between (1) the time the lower state court reached an adverse decision,
21  and (2) the day he filed a petition in the higher state court." (citation omitted).
22  *Evans* held that a six-month delay was not reasonable. *Id.* at 201. Based on
23  *Evans,* the gap in this case of almost 1 year, 10 months is unreasonable. *See*

24  _____

25  [1]  The Court's assumption gives Petitioner the benefit of the doubt. A
petitioner is normally entitled to "one full round" of collateral review in the state
26  court free of federal interference. *Carey v. Saffold,* 536 U.S. 214, 222, 122 S. Ct.
2134, 153 L. Ed. 2d 260 (2002). The Ninth Circuit interpreted "one full round" in
27  California to mean consecutive petitions in the Superior Court, Court of Appeal,
and California Supreme Court. *See Welch,* 350 F.3d at 1083. Petitioner's first
28  round was unconventional. He filed first in the highest court and then filed in the
lowest court.

4

1 | *also Gaston v. Palmer*, 447 F.3d 1165, 1167 (9th Cir. 2006) (gaps of 15 months,

2 | 18 months and 10 months between rounds of state habeas petitions are

3 | unreasonable), *cert. denied*, 127 S. Ct. 979 (2007).

4 |      Moreover, the state habeas petitions begun in March of 2007 were based

5 | on the United States Supreme Court's decision in *Cunningham*, which was filed

6 | on January 22, 2007. (Petition at 4-5); *Cunningham v. California*, 549 U.S. 270,

7 | 127 S. Ct. 856, 166 L. Ed. 2d 856 (2007). Petitioner's second round of state

8 | habeas petitions was not limited to an elaboration of the facts in his first state

9 | habeas petitions, which were based on a claim of "illegal enhancement." (Petition

10 | at 4); *Hemmerle v. Arizona*, 495 F.3d 1069, 1075 (9th Cir. 2007).

11 |      Accordingly, absent equitable tolling, the statute of limitations expired

12 | shortly after May 5, 2005, and the petition here is time-barred.

13 |      The Supreme Court has not decided whether § 2244(d) allows for equitable

14 | tolling. *Lawrence v. Florida*, 127 S. Ct. 1079, 1085, 166 L. Ed. 2d 924 (2007).

15 | Even assuming equitable tolling applies, Petitioner bears the burden of showing

16 | "(1) that he has been pursuing his rights diligently, and (2) that some

17 | extraordinary circumstance stood in his way and prevented timely filing." *Id.*

18 | (citation and internal quotation marks omitted). The extraordinary circumstances

19 | must have been the cause of his untimeliness. *Pace v. DiGuglielmo*, 544 U.S.

20 | 408, 418, 125 S. Ct. 1807, 161 L. Ed. 2d 669 (2005).

21 |      Petitioner does not contend he is entitled to equitable tolling. Neither the

22 | Petition nor Petitioner's Response to the Order to Show Cause makes any

23 | showing as to equitable tolling.

24 |      **B. The Date of the *Cunningham* Decision**

25 |      Petitioner argues that Ground Four is not barred by the statute of

26 | limitations because it is based on the Supreme Court's decision on January 22,

27 | 2007, in *Cunningham v. California*, 549 U.S. 270, 127 S. Ct. 856, 166 L. Ed. 2d

28 | 856 (2007). Petitioner's Response to the Order to Show Cause argues that the

1    statute of limitations should start running on "the date on which the constitutional

2    right asserted was initially recognized by the Supreme Court [in *Cunningham*], if

3    the right has been newly recognized by the Supreme Court and made

4    retroactively applicable to cases on collateral review."  28 U.S.C. § 2244(d)(1)(C);

5    *see Dodd v. United States*, 545 U.S. 353, 357, 359, 125 S. Ct. 2478, 162 L. Ed.

6    2d 343 (2005).  In *Dodd*, the Supreme Court addressed a provision in 28 U.S.C. §

7    2255[2] that is materially identical to 28 U.S.C. § 2244(d)(1)(C):

8            The limitation period shall run from the latest of -

9            * * *

10           (3) the date on which the right asserted was initially recognized by

11           the Supreme Court, if that right has been newly recognized by the

12           Supreme Court and made retroactively applicable to cases on

13           collateral review.

14    The Court held that the statute starts running on the date the court recognizes the

15    right, not on the date the court makes it retroactively applicable.  *Id.* at 358.[3]

16    However, a petitioner "may take advantage of the date in the first clause of ¶ 6(3)

17    only if the conditions in the second clause are met."  *Dodd*, 545 U.S. at 359.

18           Applying *Dodd* to the instant petition, the Supreme Court decided

19    *Cunningham* on January 22, 2007.  For a petition based on *Cunningham* to be

20    timely under 28 U.S.C. § 2244(d)(1)(C), (1) it would have to be filed no later than

21    January 22, 2008; (2) the Supreme Court would have to recognize *Cunningham*

22    as a new rule no later than January 22, 2008; and (3) the Supreme Court would

23    have to declare *Cunningham* retroactive no later than January 22, 2008.  *See*

24    *Dodd*, 545 U.S. at 359 (applicant "will be time barred except in the rare case in

25

26           [2]  Under section 2255, a federal prisoner may challenge his or her
27    sentence as unconstitutional.

28           [3]  "*Dodd* is equally applicable to section 2244(d)(1)(C)."  *Johnson v. Robert*,
      431 F.3d 992, 992-93 (7th Cir. 2005) (per curiam).

1   which this Court announces a new rule of constitutional law and makes it

2   retroactive within one year"); *Johnson*, 431 F.3d at 992 (statute runs from date

3   that the right was initially recognized, "even if the Court does not declare that right

4   to be retroactive until later").

5       The Supreme Court has not recognized *Cunningham* as a new rule. The

6   Ninth Circuit recently held that *Cunningham* did not announce a new rule. *Butler*

7   *v. Curry*, 528 F.3d 624, 639 (9th Cir. 2008). The Court interpreted *Cunningham*

8   as "simply appl[ying] the rule of *Blakely* to a distinct but closely analogous state

9   sentencing scheme." *Id.* at 636. The Supreme Court's decision in *Blakely v.*

10  *Washington*, 542 U.S. 296, 124 S. Ct. 2531, 159 L. Ed. 2d 403 (2004), is not

11  retroactive to Petitioner's case.[4] Neither Supreme Court decision provides an

12  alternative start date for the statute of limitations under 28 U.S.C. §

13  2244(d)(1)(C).

14      Therefore, the petition is time-barred. *See Dodd*, 545 U.S. at 358 ("¶ 6(3)'s

15  date – 'the date on which the right asserted was initially recognized by the

16  Supreme Court' – does not apply at all if the conditions in the second clause – the

17  right 'has been newly recognized by the Supreme Court and made retroactively

18

19      [4]   Neither *Blakely* nor *Cunningham* was decided before Petitioner's
20  conviction became final on March 11, 2003. Petitioner's argument that no court
    has addressed the retroactivity of *Cunningham* is incorrect. (Response at 3.) In
21  *Blakely*, the Supreme Court held that the statutory maximum sentence means the
    maximum sentence a judge may impose solely on the basis of facts reflected in
22  the jury verdict or admitted by the defendant. 542 U.S. at 303. *Blakely* does not
    apply retroactively to cases on collateral review. *Schardt v. Payne*, 414 F.3d
23  1025, 1036 (9th Cir. 2005). In *Schardt*, just as in this case, the petitioner's
    conviction became final after *Apprendi* was decided on June 26, 2000, but before
24  *Blakely* was announced on June 24, 2004. *Id.* at 1034. The Ninth Circuit
    rejected the argument that *Blakely* simply applied *Apprendi v. New Jersey*, 530
25  U.S. 466, 120 S. Ct. 2348, 147 L. Ed. 2d 435 (2000). *Id.* at 1035. Instead, the
    Court held that the rule established in *Blakely* "was **not** clearly established by a
26  Supreme Court decision at the time [petitioner's] case became final on direct
    appeal." *Id.* at 1036-37 (emphasis in original). The Ninth Circuit held that "the
27  Supreme Court announced a new rule in *Blakely v. Washington* that does not
    apply retroactively to a conviction that was final before that decision was
28  announced." *Id.* at 1038. *Cunningham* has not been made retroactive to cases
    on collateral review before *Blakely* was decided.

applicable to cases on collateral review' – have not been satisfied"); *see Johnson*, 431 F.3d at 992 (applying *Dodd* under § 2244(d)(1)(C)).

### III.

### **RECOMMENDATION**

For the reasons discussed above, it is recommended that the District Court issue an Order (1) adopting this Report and Recommendation, and (2) directing that judgment be entered denying the petition and dismissing this action with prejudice.

DATED: September 24, 2008

ALICIA G. ROSENBERG
United States Magistrate Judge

## NOTICE

Reports and Recommendations are not appealable to the Court of Appeals, but are subject to the right of any party to file Objections as provided in the Local Rules Governing Duties of Magistrate Judges, and review by the District Judge whose initials appear in the docket number.  No Notice of Appeal pursuant to the Federal Rules of Appellate Procedure should be filed until entry of the Judgment of the District Court.